UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE LEE CONROY, JR,

    Plaintiff,

v.                                           Case No. 8:18-cv-1079-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1981, is high school educated, and has no past relevant work experience. (R. 28, 39, 228). In December 2014 and January 2015, the Plaintiff applied for DIB and SSI, respectively, alleging disability as of January 5, 2014,

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

due to sleep disorder, schizophrenia, psychotic behavior, and multiple personalities. (R. 69, 79). The Social Security Administration (SSA) denied his applications both initially and on reconsideration. (R. 69-114).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on February 2, 2017. (R. 36-63). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. (R. 38-49, 52-55). A vocational expert (VE) also testified. (R. 49-62).

In a decision dated July 26, 2017, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date of January 5, 2014; (2) had the severe impairments of paranoid schizophrenia, post-traumatic stress disorder (PTSD), and schizoaffective disorder bipolar type; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, subject to certain non-exertional limitations; and (5) based on the VE's testimony, was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (R. 16-35). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 30).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in past relevant work; and (5) can perform other work in the national economy given his RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether he applied the correct legal standards. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [his] legal

4

conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff raises two challenges on appeal: (1) the ALJ failed to appropriately evaluate certain opinion evidence; and (2) the ALJ neglected to account for all of the Plaintiff's limitations in his RFC determination. (Doc. 22 at 13-22, 33-36). The Commissioner counters that the ALJ supplied sufficient reasons for discounting the medical source opinions at issue, and that the ALJ's RFC determination is supported by substantial evidence. *Id.* at 22-33, 36-38. After careful consideration of the record and the parties' submissions, the Court finds no basis for reversal or remand.

A.
*Evaluation of Opinion Evidence*

In support of his first claim of error, the Plaintiff contends that the ALJ improperly discounted the opinions of a Nurse Practitioner (NP), Don Davis, who treated the Plaintiff, as well as the medical source statement of Dr. Jamie H. Barron, a one-time examining psychologist. *Id.* at 13-22. Neither contention has merit.

The Regulations governing an ALJ's evaluation of opinion evidence offered by medical sources draw a distinction between "acceptable medical sources" and "other medical sources." Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *1-4 (S.S.A. Aug. 9, 2006) (explaining how the SSA assesses opinions from different types

of evidentiary sources);[4] 20 C.F.R. §§ 404.1513, 416.913. Acceptable medical sources include licensed physicians and licensed or certified psychologists, while "other sources" include physicians' assistants and nurse practitioners. *Id.* at §§ 404.1513, 416.913.

Under the Regulations, "only evidence from 'acceptable medical sources' can establish the existence of a medically determinable impairment, and only 'acceptable medical sources' can give medical opinions or be considered treating sources,[5] whose medical opinions may be entitled to controlling weight." *Anteau v. Comm'r of Soc. Sec.*, 708 F. App'x 611, 613 (11th Cir. 2017) (per curiam) (citing SSR 06-03p, 2006 WL 2329939, at *2); *see also Graham v. Berryhill*, 2018 WL 4520342, at *4 (M.D. Fla. Sept. 21, 2018) (citing SSR 06-03p).

When an opinion is offered by an "acceptable medical source," an ALJ "must state with particularity" the weight accorded that opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citation omitted). In rendering this determination, the Regulations require that the ALJ consider the following five factors: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of the doctor's relationship with the claimant; (3) the

---

[4] SSRs "are agency rulings published under the Commissioner's authority and are binding on all components of the Administration." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990)). While they do not bind the courts, they are generally afforded deference. *Id.* (citation omitted).

[5] "A treating source is a physician, psychologist, or other acceptable medical source who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant. . . ." *Bradley v. Comm'r of Soc. Sec.*, 2016 WL 877782, at *3 (M.D. Fla. Mar. 8, 2016) (citation omitted).

medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's area of specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

Unlike "acceptable medical sources," the opinions of "other sources" are "not medical opinions[,] are not entitled to any special significance or consideration," *Lange v. Comm'r of Soc. Sec.*, 2019 WL 643714, at *4 (M.D. Fla. Feb. 15, 2019) (citations omitted), and "cannot establish the existence of a medically determinable impairment;" *see also Anteau*, 708 F. App'x at 613 (citation omitted). As such, in evaluating the opinions of "other sources," an ALJ need only "generally explain the weight given to [such] opinions . . . or 'otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.'" *Graham*, 2018 WL 4520342, at *4 (quoting SSR 06-03p, 2006 WL 2329939, at *6). An ALJ may, but is not required to, apply the above listed five factors when engaging in this analysis. SSR 06-03p, 2006 WL 2329939, at *4; *Wilson v. Astrue*, 2012 WL 1060147, at *7 (M.D. Fla. Mar. 29, 2012) ("While the Regulations direct the factors . . . *shall* apply to the evaluation of medical opinions from acceptable medical sources, the [SSA] has noted those same factors 'can' be applied to opinion evidence from other sources.").

The ALJ's consideration of the opinions of NP Davis complied with the regulatory requirements applicable to "other sources." The ALJ summarized those opinions and made explicit that, while he recognized that NP Davis was not an

7

"acceptable medical source," he nevertheless "fully considered" his opinions in determining the severity of the Plaintiff's impairments and their effects on the Plaintiff's functional abilities. (R. 27-28). The ALJ also highlighted that the Plaintiff was able to engage in certain activities of daily living despite his mental impairments and that his mental health status largely appeared intact on examination in January 2017, which undermined the functional restrictions NP Davis offered. (R. 28). Together, these statements satisfy the Court that the ALJ met his duty to consider NP Davis's opinions with the record as a whole and to generally explain his decision to discount them.

Contrary to the Plaintiff's contention (Doc. 17 at 17-18), the ALJ was under no obligation to deem NP Davis a "treating source" whose opinions may be entitled to controlling weight under the Regulations. As explained above, nurse practitioners cannot be considered "treating sources" because they are not "acceptable medical sources." 20 C.F.R. §§ 404.1527(a), 416.927(a); *Medina v. Soc. Sec. Admin.*, 636 F. App'x 490, 493 (11th Cir. 2016) (citations omitted).

The ALJ's evaluation of Dr. Barron's medical source statement likewise accords with the applicable regulations and is supported by substantial evidence. Dr. Barron opined that, with respect to the Plaintiff's adaptation abilities (which appears to be the focus of the Plaintiff's challenge here),[6] the Plaintiff had "marked" restrictions in his ability to "respond appropriately to usual work situations and changes in a

---

[6] *See, e.g.*, (R. 101) (characterizing the Plaintiff's ability to respond appropriately to changes in the work setting as an "adaptation" issue).

routine work setting." (R. 399). The ALJ afforded Dr. Barron's assessment "some weight" because it was only "somewhat consistent" with the Plaintiff's treatment record. (R. 27). The ALJ discussed the Plaintiff's April 2015 Function Report, for example, in which the Plaintiff stated that he could pay attention and follow written and spoken instructions most of the time, retained the capacity to finish what he started, and, with the benefit of his medications, could manage stress well and was able to handle changes in routine most of the time. (R. 23, 290-291). The ALJ also noted that the Plaintiff lives and "does things" with his friends, shops, performs activities of daily living, and manages his finances on his own without significant difficulty. (R. 27).

In addition, the ALJ cited the assessments of two state agency psychologists, Julie Bruno, Ph.D., and Deborah Carter, Ph.D., who found that the Plaintiff had only moderate adaptation limitations in responding appropriately to changes in the work setting.[7] (R. 24).

The Plaintiff's attempt to bolster Dr. Barron's opinion by pointing to other evidence in the record—namely, the Plaintiff's testimony that stress triggers his anxiety and panic attacks—is unavailing. That other record evidence may cohere with Dr. Barron's conclusions does not provide a basis to overturn the ALJ's decision to give Dr. Barron's opinion only some weight. It is, after all, not the function of the Court

---

[7] The Plaintiff makes no argument that the ALJ erred in his evaluation of Drs. Bruno and Carter's assessments, which—it should be noted—are consistent with NP Davis's opinion that the Plaintiff had only moderate limitations in responding appropriately to changes in the work setting (R. 447).

to re-weigh the evidence upon review. *Gray v. Comm'r of Soc. Sec.*, 2018 WL 3805866, at *4 (M.D. Fla. Aug. 18, 2018) ("[T]o the extent that Plaintiff points to other evidence which would undermine the ALJ's RFC determination, his contentions misinterpret the narrowly circumscribed nature of the court's appellate review, which precludes us from re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] . . . even if the evidence preponderates against the decision.") (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Instead, the Court must analyze whether the ALJ relied on substantial evidence and applied the proper legal standards. *Id.* After conducting its review, the Court finds that the ALJ has done just that. Because the ALJ stated with particularity the weight he accorded Dr. Barron's opinion and the reasons therefor, and substantial evidence supports that determination, the Plaintiff's challenge to the ALJ's evaluation of this one-time examiner's medical source statement is without merit.

B.
*RFC Determination*

The Plaintiff's second claim of error is directed at the sufficiency of the ALJ's RFC determination. Specifically, the Plaintiff contends the ALJ erred by not including limitations related to the Plaintiff's frequent visual hallucinations, despite the fact that the ALJ characterized the mental impairments giving rise to those hallucinations as severe. (Doc. 22 at 33-36). This argument also does not survive scrutiny.

As alluded to above, an RFC reflects the most a claimant can do despite his limitations and is used at steps four and five to determine whether the claimant is able to perform any past relevant work or adjust to other work. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015). Because a claimant bears the burden of proof through step four, it falls upon him to show that the ALJ's RFC determination is deficient. *Schmidt v. Comm'r of Soc. Sec.*, 2018 WL 3805863, at *1 (M.D. Fla. Aug. 10, 2018) (citing *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013)).

In an effort to meet his burden here, the Plaintiff recites his testimony and subjective reports regarding visual hallucinations and submits that the ALJ "acknowledged, without dispute," certain aspects of this testimony in his decision. (Doc. 22 at 34-35). As the Commissioner points out, however, the ALJ's acknowledgement of particular evidence does not indicate he credited it. Indeed, the ALJ's finding that the Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record" belies such an assertion. (R. 26).

Nor can the Plaintiff validly argue that the ALJ's finding discrediting the Plaintiff's subjective reports is unsupported by the record. While the Plaintiff testified before the ALJ that his medications did not alleviate his frequent hallucinations (R. 40), NP Davis's report from one month earlier stated that the Plaintiff suffered from *no* hallucinations or perceptual disturbances while on medications (R. 450). In addition, the progress notes from the facility where the Plaintiff received treatment

between January 2015 and August 2016, Baycare Behavioral Health, contained only varying reports of hallucinations. (R. 370-92).

The mere fact that the ALJ found the Plaintiff's paranoid schizophrenia and schizoaffective disorder bipolar type to be severe does not alter the Court's conclusion. It is well settled that "[s]evere impairments do not necessarily result in specific functional limitations." *Owens v. Colvin*, 2015 WL 12856780, at *1 (M.D. Fla. Oct. 15, 2015) (citing *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 264 (11th Cir. 2019) and *Davis-Grimplin v. Comm'r, Soc. Sec. Admin.*, 556 F. App'x 858, 863 (11th Cir. 2014)). Accordingly, where, as here, there are "no specific functional limitations from a severe impairment . . . the ALJ need not include a corresponding limitation for that impairment in the RFC." *Id.* (citing *Castel*, 355 F. App'x at 263-64).

In sum, the Court discerns no error in the ALJ's decision not to include limitations in the RFC stemming from the Plaintiff's alleged visual hallucinations. *Millionder v. Colvin*, 2014 WL 4792602, at *13 (N.D. Fla. Sept. 25, 2014) (citing *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987) (providing that ALJ need not include in the RFC limitations, restrictions, or opinions he has properly rejected or that lack record support)).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

12

DONE and ORDERED in Tampa, Florida, this 27th day of September 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record